UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Glenn Kevin Hazley, | Case No. 16-CV-3935 (SRN/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Tom Roy, and Becky Dooley, | |
| Defendants. | |

Glenn Kevin Hazley, *Pro Se*, 225 West 15th Street, Apt. 101, Minneapolis, Minnesota 55407.

Steven Forrest, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, Saint Paul, Minnesota 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court for consideration of the objections of Defendants Tom Roy and Becky Dooley [Doc. No. 45] ("Defs.' Objs.") to the November 2, 2017 Report and Recommendation [Doc. No. 43] ("R&R") of Magistrate Judge Tony N. Leung. The magistrate judge recommended granting in part and denying in part Defendants' Motion to Dismiss [Doc. No. 13]; denying Plaintiff's Motion to Proceed

with Complaint [Doc. No. 23][1]; and granting in part and denying in part Plaintiff's Motion to Amend Complaint [Doc. No. 26].

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion on dispositive motions to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).[2] The magistrate judge also recommended rulings on Plaintiff's Motion to Amend the Complaint, a non-dispositive motion. Ordinarily, a district court reviews a magistrate's order on a non-dispositive motion under a clearly erroneous or contrary to law standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). However, when a motion to amend is denied as futile, as is the case here, it is reviewed de novo. *See United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) (noting that the district court's denial of leave to amend based on futility was reviewed de novo on appeal). As a result, based on a de novo review and for the reasons set forth herein, the Court overrules Defendants' objections and adopts the R&R, with some clarification and further direction to the parties.

---

[1] The magistrate judge properly construed this filing as a mis-named response to the Motion to Dismiss and stated that this ruling did not dismiss the case. (*See* R&R at 4, 28 n.8.)

[2] In their objections, Defendants propose that the entire R&R should be reviewed under the "clearly erroneous or contrary to law" standard because the magistrate judge decided motions that Defendants claim were not before the Court. (Defs.' Objs., at 6.) However, as the motion to dismiss at issue is clearly dispositive, this Court will apply the de novo standard. *See* Fed. R. Civ. P. 72(b)(3); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## II.  BACKGROUND

The R&R sets forth the facts relevant to this matter.  (*See* R&R at 2-6.)[3] Accordingly, to avoid unnecessary repetition, the Court will incorporate the facts of the R&R's background section by reference here, and it will briefly set forth only those facts necessary to provide context for its discussion of the Defendants' objections.

Plaintiff Glenn Kevin Hazley ("Hazley") brings this § 1983 action against Becky Dooley, Warden of the Minnesota Correctional Facility located in Moose Lake, Minnesota ("MCF-Moose Lake"), and Tom Roy, Commissioner of the Minnesota Department of Corrections ("DOC").  In his Amended Complaint,[4] Hazley alleges that MCF-Moose Lake staff "denied [me] an opportunity to bail out from jail after my case was overturned by the courts May 2016, MCF-Moose Lake purposely held my money so I could not post my bail."  (Am. Compl. [Doc. No. 8], at 4.)  He further alleges that

> I was held illegally until the day of my trial which was in July 2015 [sic]. So I claim negligence by Becky Dooley because she was in charge of my custody as acting Warden at MCF-Moose Lake at the time of the incident and Commissioner Tom Roy, because he is the boss of Ms. Dooley and as well in charge of my custody as stated by law in MN.

(*Id.*)  Hazley states that he is "seeking monetary damages for the civil rights [violations] that have occurred."  (*Id.* at 5.)

---

[3] In their Objections to the R&R, Defendants have alleged that some of the facts the magistrate judge relied on in support of his recommendation are "clearly erroneous." (Def. Objs. [Doc. No. 45] at 9-10).  For the reasons stated in Section III, *infra*, that objection is overruled and the Court adopts the background section of the R&R as written.

[4] Hazley, a prisoner at the time of filing the Complaint, amended his Complaint once, in response to an Order by Magistrate Judge Tony N. Leung.  (*See* Order dated Jan. 27, 2017 [Doc. No. 5].)

3

In their Memorandum of Law in Support of Motion to Dismiss and supporting documents, Defendants state that Hazley pleaded guilty to a count of burglary in Hennepin County District Court. *State v. Hazley*, No. 27-CR-14-25709 (Hennepin Cnty. Dist. Ct.) (Kemp Aff. [Doc. No. 15], Ex. A [Doc. No. 15-1]). Hazley's sentence was initially stayed, but he was incarcerated upon violating the terms of his probation. (*Id.*) He appealed. On March 14, 2016, the Minnesota Court of Appeals reversed his original conviction, finding an error in the sentence, and remanded the case to the district court. *State v. Hazley*, No. A15-1418 (Minn. Ct. App. Mar. 14, 2016) (Kemp Aff., Ex. B). Six weeks later, at a hearing in the district court, Hazley was allowed to withdraw his guilty plea. The Court then set interim conditions of release, which included, *inter alia*, posting a bond of "$8,000 bond w/cond. or $800 cash alternative with conditions." (Kemp Aff., Ex. B, at 4, 6.)

Plaintiff also filed numerous documents that were incorporated by reference in the Amended Complaint.[5] Accepting the facts asserted in the Amended Complaint and the incorporated documents as true, and construing them in the light most favorable to the Plaintiff, Hazley appears to have made every effort to pay the $800 cash alternative bond. The record at this stage, however, shows no indication of what happened to the funds.

---

[5] The R&R cites these documents at pages three and four—a selection is listed here: a May 10, 2016 kite from Plaintiff to "Inmates Accounts," inquiring how to pay his bail from his inmate account, which was answered by "I/m Accounts" [Doc. No. 1-5 at 3]; a May 12, 2016 kite from Plaintiff to "Inmate Accounts" providing "the requested documents" for transfer of funds to Hennepin County with a response from "I/m Accts" on May 13, 2016, stating that the request was processed that day [Doc. No. 1-5 at 2]; and an "inmate trust account receipts and disbursements record" dated May 13, 2016, showing a transaction in the amount of $800 for "Hennepin County Criminal Court" [Doc. No. 1-5 at 1].

Hennepin County District Court does not appear to have ever received the funds.  Hazley remained in custody until he went to trial.  He was tried and convicted, served his sentence, and, since the inception of this case, has been released.  He brings this action to recover monetary damages from his alleged wrongful imprisonment and the mental distress it has caused him.

Defendants Roy and Dooley moved to dismiss "all claims against them" under Fed. R. Civ. P. 12(b)(6), claiming that the Amended Complaint fails to state a claim upon which relief can be granted.  (Mem. of Law in Supp. of Mot. to Dismiss of Defs. Tom Roy & Becky Dooley [Doc. No. 14] ("Defs.' Mem. in Supp."), at 1.)

In response to the Defendants' Motion to Dismiss, Hazley filed two documents titled as motions.  First, he filed a "Motion to Proceed with Complaint," along with a memorandum in support [Doc. Nos. 23-24].  The magistrate judge properly construed these filings as a response to the Motion to Dismiss.

Second, Hazley filed a Motion to Amend his Complaint, seeking to clarify that his claims against Roy and Dooley were being brought in both their official and individual capacities [Doc. No 26].[6]  Additionally, in his Motion to Amend, Hazley sought to add a third defendant, Kristi Cisar, in both her official and individual capacities. (*Id.* at 2.)  Ms.

---

[6] As the magistrate judge explains in the R&R, Plaintiff's Memorandum in Support of his Motion to Amend the Complaint contains more details and claims than does the Proposed Second Amended Complaint that was attached to the motion. (R&R at 14.)  For example, the Proposed Second Amended Complaint does not actually include claims against Defendants Roy and Dooley in their individual capacities.  However, it is clear from Plaintiff's Memorandum in Support of his Motion to Amend [Doc. No. 27] that he desires to bring those claims, thus the magistrate judge properly considered those claims. *See Kelly v. Ramsey Cty. Sheriffs Office*, No. 08-cv-5028, 2009 WL 511695, at *4 (D. Minn. Feb. 27, 2009).

Cisar is an employee at MCF-Moose Lake, and was in direct contact with Hazley, his attorney, and his family members about the status of the funds in his prisoner account. (*Id.*) Hazley's memorandum in support of his Motion to Amend claims that he did not learn of Ms. Cisar's name until after the filing of his Amended Complaint. (*Id.*) Finally, Hazley, in his Proposed Second Amended Complaint as well as in his Motion to Proceed with Complaint [Doc. No. 25] also appears to be adding a state tort claim for false imprisonment. (*See* Prop. Second Am. Compl. [Doc. No. 26-1], at 3.)

In response to the Motion to Amend, Defendants argued that the motion should be dismissed for failure to comply with the Court's rules (by not attaching a redlined copy showing the changes between the original and proposed complaints) and because the proposed amendments are futile. The defendants specifically address "the additional defendant" in Plaintiff's Proposed Second Amended Complaint, arguing that the additional defendant "fails to remedy" the alleged deficiencies of the Complaint "and therefore is futile." (Defs.' Responsive Mem. to Pl.'s Mot. to Amend the Am. Compl. [Doc. No. 29] ("Defs.' Mem. in Opp'n"), at 3.)

### A.   The Report and Recommendation

Magistrate Judge Leung recommended that this Court grant the Motion to Dismiss the claims against all defendants in their official capacities and the claims against Commissioner Roy in his individual capacity. He further recommended that this Court deny the Motion to Dismiss as to the proposed claims against Warden Dooley in her individual capacity and the proposed claims against Kristi Cisar in her individual capacity. The magistrate judge also recommended that Plaintiff's Motion to Amend be

6

granted as to claims against Warden Dooley and Kristi Cisar in their individual capacities, and denied as to the claims against Commisioner Roy in his individual capacity as well as against all defendants in their official capacities.

Defendants timely filed objections to the R&R ("the Objections"), triggering this de novo review.

## III. DISCUSSION

### A. Standard of Review

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and view them in a light most favorable to the plaintiff. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Although the complaint need not contain "detailed factual allegations," it must plead facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion to dismiss for failure to state a claim should be denied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

Under Rule 15(a), leave to amend a pleading shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court may deny leave to amend a complaint when the proposed amendments would be futile. *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008). When considering whether the amendment is futile, courts apply the same standard that applies to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519

F.3d 778, 781-782 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755 (8th Cir. 2006). Accordingly, "when the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Crowell*, 519 F.3d at 782 (citing *In re Senior Cottages of Am.*, 482 F.3d 997, 1001 (8th Cir. 2007)).

Further, courts are to construe pro se pleadings liberally, so that if "the essence of an allegation is discernible," courts should consider the claim "in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation and citation omitted). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

However, even under this liberal standard, a pro se complaint must contain specific facts in support of the claims it advances. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Courts do not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

### B. Defendants' Objections

Defendants object to the magistrate judge's R&R on three grounds. First, they claim that the magistrate judge "improperly decided matters that were not before the

Court." (Defs.' Objs., at 1). Second, they state that the R&R "failed to provide the parties guidance in the absence of an operative pleading." (*Id.*) Third, they allege that the R&R "relied upon allegations that are clearly contrary to the public record and findings." (*Id.*) The Court addresses each objection in turn.

### 1. Matters Properly Before the Court

Defendants argue that the magistrate judge improperly recommended ruling on motions not yet before the Court. Specifically, Defendants assert that they did not move to dismiss individual capacity claims against Commissioner Roy because Plaintiff had not yet asserted individual capacity claims. Defendants also claim that the magistrate judge erred in his recommendation to deny Defendants' Motion to Dismiss with respect to individual capacity claims against Warden Dooley and Kristi Cisar, because no individual capacity claims were asserted against Warden Dooley at the time of the Defendants' Motion to Dismiss, and Kristi Cisar was not yet a party to the lawsuit. Finally, Defendants assert that the magistrate judge erred to the extent that he recommends denial of Defendants' Motion to Dismiss Plaintiff's state tort claim of false imprisonment. Defendants complain that this recommendation is "premature" and denies them of the opportunity afforded under Rule 12(b) to raise defenses to Plaintiffs' individual capacity claims if and when they are served. (*See* Defs.' Objs., at 7).

Defendants appear to take issue with the magistrate judge's decision to broadly construe Plaintiff's filings, to give "Plaintiff the greatest benefit of the doubt, cobbling together factual allegations and other pieces of relevant information from the Amended

9

Complaint, Plaintiff's motion to amend, the Proposed Second Amended Complaint, and Plaintiff's opposition to Defendants' motion to dismiss." (R&R at 8.)

However, it is clear that a pro se plaintiff's complaint must be construed liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). And that liberal construction can include amended filings by the plaintiff that do post-date the filing of a motion to dismiss. *See Traylor v. Hennepin Cty. Adult Det. Ctr.*, No. 15-cv-2816, 2016 WL 3647779, at *5 (D. Minn. May 27, 2016) (finding that pro se plaintiff's proposed amended complaint was embraced by the pleadings and could be considered when analyzing the defendants' motion to dismiss); *Kelly v. Ramsey Cty. Sheriffs Office*, No. 08-cv-5028, 2009 WL 511695, at *4 (D. Minn. Feb. 27, 2009) (finding the plaintiff's desire to assert new claims, as stated in a response to the motion to dismiss, sufficient to deem the complaint amended and to deny dismissal of claims). Further, Eighth Circuit precedent instructs that courts should not decide a party's motion to dismiss without also considering the opposing party's pending motion to amend the pleadings. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) (reversing the district court's determination that its decision on a motion to dismiss rendered the motion to amend moot); *see also e.g., Thompson v. Westmor Indus.*, No. 16-cv-4024, 2017 WL 2841228, at *2 (D. Minn. June 14, 2017).

The Court finds no error in the magistrate judge's thorough analysis of Plaintiff's claims against the existing defendants both as originally pled and as individual-capacity claims that Plaintiff sought to bring in an amended complaint. The magistrate judge concluded that some of the claims could not be sustained, and therefore should be

10

dismissed. This position holds true especially where, as here, Defendants' moving papers asked the Court to dismiss "all claims" against Defendants. (Defs.' Mem. in Supp., at 1.) Further, Defendants are not prejudiced by these recommendations, as they have had an opportunity to respond—and did so—in their response to the Plaintiff's Motion to Amend, as well as in their Reply Memorandum in Support of their Motion to Dismiss. (*See* Defs.' Mem. in Opp'n, at 3; Defs.' Reply Mem. in Supp. of Mot. to Dismiss [Doc. No. 30], at 2.)

As to the newly asserted claims against Defendant Cisar and the potential state tort claim for false imprisonment, the Court will give Plaintiff a chance to re-plead these claims in a new amended complaint. Defendants will then have a chance to respond.

Accordingly, this Court will grant Defendants' Motion to Dismiss as to claims against Defendants Tom Roy and Becky Dooley in their official capacities. Additionally, Plaintiff's Motion to Amend will be granted in part and denied in part as follows: denying the motion as to claims against Defendant Tom Roy in his individual capacity; granting the motion as to claims against Defendant Becky Dooley in her individual capacity; and granting the motion as to claims against Defendant Kristi Cisar in her individual capacity.

### 2. Failure to Provide Direction

Defendants raise a second objection to the R&R: that it does not provide them with direction in the absence of an operative pleading. Pointing out that the R&R did not completely dismiss the case, and yet at the same time did not adopt the Proposed Second

11

Amended Complaint as the operative pleading; Defendants ask for guidance as to how the parties should proceed. (Defs.' Objs., at 2.)

The Court is not unsympathetic to the Defendants' request for guidance. As a result, this Court will adopt the magistrate judge's recommendations to allow Plaintiff to amend his complaint, but will also provide additional direction in doing so. *See infra* Part IV.

### 3. Reliance on Allegations

Lastly, Defendants object to the magistrate judge's reliance on what they state are "clearly erroneous factual allegations." (Defs.' Objs., at 9.) Defendants cite to two points in the R&R where the magistrate judge referred to Hazley's allegation that he had "paid" his bail, as well as to a statement where the magistrate judge found ambiguity in whether Plaintiff's claims should be analyzed under the Fourth Amendment as a pretrial detainee or under the Fourteenth Amendment Substantive Due Process Clause. (*Id.* at 9 & n.4.)

Defendants argue that the magistrate judge, in twice stating that the Plaintiff "paid" the cash bail amount, "appears to believe that Plaintiff is alleging that he was held by the DOC despite having paid bail." (*Id.*) But a fundamental requirement in both the analysis of a Rule 12(b)(6) motion and the futility analysis inherent in a motion to amend is that the Court must accept the facts in the complaint as true and view the facts in the light most favorable to the plaintiff. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). The magistrate judge did this when he referred to Plaintiff having "paid" his bail. And further, the magistrate judge's conclusion that discovery will

further clarify the constitutional framework of Plaintiff's claim did not rely upon allegations by Plaintiff that he "paid" his bail. Rather, the magistrate judge cited to the ambiguous result of the Minnesota Court of Appeals decision that overturned Plaintiff's sentence. (R&R at 12-13.)

Finally, Defendants argue that they are "entitled to notice of the precise constitutional framework of Plaintiff's claims at the time they are pled." (Defs.' Objs., at 10.) The R&R discussed at length Defendants' argument that the claim asserted by Plaintiff arises out of the Fourth Amendment, not the Fourteenth Amendment, as asserted in the Amended Complaint. (*See* R&R at 10-13.) The determination hinges on whether the Plaintiff was subject to pretrial detention (for which wrongful detention claims are to be analyzed under the Fourth Amendment; *see Manuel v. City of Joliet*, 137 S. Ct. 911 (2017)) or a post-conviction detainee (analyzed under the Fourteenth Amendment; *see Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013)). The magistrate judge found that "at this time, Plaintiff's status at the time the state district court granted bail is not entirely clear," (R&R at 12), and declined to dismiss the Complaint on these grounds, as "[d]iscovery will flesh out the facts necessary to determine the precise constitutional framework under which Plaintiff's alleged unlawful detention should be evaluated" (*Id.* at 13).

The Court agrees. Given that Plaintiff is pro se, it is consistent with Eighth Circuit case law to liberally construe his pleadings to allow the case to proceed to discovery, further defining the claims at issue. *See Stone*, 364 F.3d at 915 ("[I]f the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district

court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."); *see also Kelly*, 2009 WL 511695 at *5 & n.2 (finding that the pro se plaintiff's claim of excessive force must be analyzed under the Due Process clauses of the Fifth and Fourteenth Amendments, although pled as an Eighth Amendment claim). Accordingly, the Court overrules Defendants' objections as to either factual statement.

## IV. ORDER

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Objections to the Magistrate Judge's November 3, 2017 Report and Recommendation [Doc. No. 45] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 43];

3. The Plaintiff's Motion to Proceed with Complaint [Doc. No. 23] is **DENIED AS MOOT**;

4. Defendants' Motion to Dismiss [Doc. No. 13] is **GRANTED** as to claims against Defendants Tom Roy and Becky Dooley in their official capacities;

5. Plaintiff's Motion to Amend Complaint [Doc. No. 26] is **GRANTED IN PART AND DENIED IN PART**:

    A. It is **denied** as to claims against Defendant Tom Roy in his individual capacity;

    B. It is **granted** as to claims against Defendant Becky Dooley in her individual capacity; and

    C. It is **granted** as to claims against Defendant Kristi Cisar in her individual capacity.

6. Plaintiff shall, within 30 days of the date of this Order, file a Second Amended Complaint, which clearly sets forth his claims against Defendant Dooley and Defendant Cisar in their individual capacities, and attaches any relevant exhibits in support; and

7. Defendants shall respond to the Second Amended Complaint within the time frame allowed under Fed. R. Civ. P. 12.

Dated: March 20, 2018                                s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge