UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Glenn Kevin Hazley,

      Plaintiff,

v.

Tom Roy, Becky Dooley, and
Kristi Cisar,

      Defendants.

File No. 16-cv-03935 (ECT/ECW)

**MEMORANDUM OPINION
AND ORDER**

---

Plaintiff Glenn Kevin Hazley ("Hazley") was incarcerated at the Minnesota Correctional Facility in Moose Lake ("MCF-Moose Lake") when the Minnesota Court of Appeals determined that his sentence was unauthorized and remanded his criminal case to the district court for further proceedings. *State v. Hazley*, No. A15-1418, 2016 WL 953051, at *2 (Minn. Ct. App. Mar. 14, 2016). After remand, the district court set bail for Hazley, and he attempted to access funds in his inmate account to post bail and obtain release pending further district-court proceedings. Hazley filed this civil case pro se alleging that three MCF-Moose Lake officials violated 42 U.S.C. § 1983 and committed the state-law tort of false imprisonment by preventing him from accessing his inmate account, thus denying him the opportunity to post bail and obtain his release. Defendants sought dismissal of Hazley's complaint, and Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation concluding that Defendants' motion should be granted in part and denied in part. Defendants object to those portions of the Report and Recommendation

concluding that their motion should be denied.  Defendants' objections will be overruled, and the Report and Recommendation will be accepted.

I

The facts underlying this dispute are set forth fully in the Report and Recommendation.  ECF No. 73 ("R&R") at 2–11.  In short, Hazley has filed three complaints to date, and his claims already have survived, at least in substantial part, one motion to dismiss.  *See* Compl. [ECF No. 1]; Am. Compl. [ECF No. 8]; Third Am. & Restated Compl. ("Third Am. Compl.") [ECF No. 49]; Mar. 20, 2018 Order at 14 [ECF No. 47] (granting Defendants' motion to dismiss official-capacity claims against Tom Roy ("Roy") and Becky Dooley ("Dooley") and allowing Hazley to amend his complaint to state individual-capacity claims against Dooley and Kristi Cisar ("Cisar"), but not Roy).  Most recently, after Hazley filed his Third Amended Complaint, Defendants again moved to dismiss.  Mot. [ECF No. 50].

Hazley's Third Amended Complaint names Dooley, Cisar, and Roy as defendants, and he specifically asserts that he is suing them in their individual capacities.  Third Am. Compl. ¶¶ 7–9.  Setting aside Hazley's claims against Roy—which were not properly included in the Third Amended Complaint, because a prior order in this case had dismissed official-capacity claims against Roy and declined to permit amendment to add individual-capacity claims against Roy, *see* ECF No. 47—Hazley has sued Dooley and Cisar for the "violation of Plaintiff's civil rights to Due Process secured by the United States Constitution or by Federal Law and guaranteed by the Fourteenth Amendment to the Constitution of the United States to deprive Plaintiff of property, due course of justice,

and wrongful, prolonged incarceration in violation of 42 U.S.C. § 1983 and for the violation of Minnesota State Common Law for false imprisonment." Third Am. Compl. at 1. He alleges that Dooley and Cisar, among other actions, denied him "an opportunity to post bail from jail due to MCF-Moose Lake's customs and policies" and "unlawfully restrained [his] freedom of movement or personal liberty" by "not sending [his] $800 bail to Hennepin County Criminal Court" and "not granting [his] request to stop payment on the check and return the funds to his forwarding address." *Id.* ¶¶ 50, 73–74, 100–01, 117.

Defendants moved to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Mot.; Mem. in Supp. at 8 [ECF No. 51]. They argued then, as they do now in their objections to the Report and Recommendation, that Hazley "fails to allege a cognizable Section 1983 claim against Defendants Dooley and Cisar in their individual capacities and both are entitled to qualified immunity." Mem. in Supp. at 4; *see* Obj. at 1.

II

When reviewing a Magistrate Judge's report and recommendation, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed,

3

they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. While factual allegations are accepted as true, "[c]ourts must not presume the truth of legal conclusions couched as factual allegations." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Defendants seeking dismissal of § 1983 claims under Rule 12(b)(6) based on the qualified-immunity doctrine "must show that they are entitled to qualified immunity on the face of the complaint." *Carter v. Huterson*, 831 F.3d 1104, 1107 (8th Cir. 2016) (citation and internal quotation marks omitted). "Under the doctrine of qualified immunity, a court must dismiss a complaint against a government official in his [or her] individual capacity that fails to state a claim for violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hager*, 735 F.3d at 1013 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining whether defendants have qualified immunity, the Court asks: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right, and (2) whether that right was clearly established at the time of the defendant's alleged misconduct." *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). Courts, in their sound discretion, may consider the questions in either order, but a § 1983 plaintiff can defeat a claim of qualified immunity only if the answer to both questions is yes. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In assessing both plausibility and qualified immunity, Hazley's pro se pleadings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S 89, 94 (2007). Pro se complaints, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson*, 551 U.S. at 94). "[I]f the essence of an allegation is discernible," the district court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 1915A(b) (providing in the Prison Litigation Reform Act that "the court shall" review prisoner complaints to "identify cognizable claims"). However, even under this liberal standard, a pro se complaint must contain specific facts in support of the claims it advances. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

III

A

Defendants' first contention is that Magistrate Judge Wright "erred by recognizing an offender's constitutional right to access his offender account." Obj. at 3, 5 ("Plaintiff does not have a *constitutional* right to access the funds in his offender account."). But Magistrate Judge Wright clearly disavowed this framing of Hazley's constitutional right:

> While Defendants acknowledge the liberty interest in being free from incarceration after a court has ordered an offender's release, they cast the right asserted by Hazley as "a constitutional right to access an offender account, in the absence of a court order, that could hypothetically permit the offender to be released from the custody of a third party." Defendants assert that Hazley's allegations, "at best, assert that

5

> he was wrongfully deprived access to money that could permit his release from the Hennepin County Jail." *On the contrary, as set forth below, the interest at issue is Hazley's liberty interest in being free from detention after his bail was set.*

R&R at 17 (emphasis added) (citations and footnote omitted). Nowhere, expressly or impliedly, did the Report and Recommendation conclude that Hazley had a constitutional right to access his offender account. Instead, Magistrate Judge Wright consistently—and correctly—framed the constitutional right in terms of a liberty interest, not a property interest. *See id.* at 17 ("Defendants acknowledge the liberty interest in being free from incarceration after a court has ordered an offender's release . . . ."), 20 ("[T]he Court finds that Hazley has adequately alleged a liberty interest in being free from detention once bail was set that he did not ultimately receive."), 29 (describing "[t]he contours of the right Hazley alleges Defendants violated" as "his liberty interest in being free from detention once his bail was set"); *see also id.* at 20, 27, 30 (referring to Hazley's "right to bail").

Defendants later concede that Magistrate Judge Wright "appropriately recognized a 'protected liberty interest in being free from wrongful, prolonged incarceration' under the Fourteenth Amendment," but they argue that this, too, was erroneous because Hazley "does not allege he was wrongfully incarcerated." Obj. at 4 (quoting *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004)). In other words, Defendants suggest that to the extent Magistrate Judge Wright recognized a liberty interest, this was a mischaracterization of the nature of Hazley's claims because Hazley supposedly alleges a property interest, not a liberty interest. *See id.* ("Plaintiff is not asserting a constitutional right to post bail that was unreasonably inhibited by Defendants, but rather that Defendants inhibited his right to

6

access funds that could be used to post bail."). This objection is readily overruled based on the liberal construction afforded to prisoner pleadings. *See Erickson*, 551 U.S. at 94. Hazley's Third Amended Complaint identifies the Fourteenth Amendment as part of the basis for his claims for "wrongful, prolonged incarceration." Third Am. Compl. at 1. Hazley repeatedly alleges that he "was denied an opportunity to bail out," *id.* ¶¶ 49, 98, and that MCF-Moose Lake's customs and policies "denied [him] an opportunity to post bail from jail," *id.* ¶¶ 50, 100–01. He goes on to allege that Dooley and Cisar "unlawfully restrained [his] . . . personal *liberty*" by not sending the $800 bail to Hennepin County, not granting his request to stop payment on the check, not allowing his lawyer to authorize the stop payment, and not sending the money to his forwarding address. *See id.* ¶¶ 70, 73–74, 106, 112, 117 (emphasis added). This language clearly invokes a *liberty* interest in being able to post bail and be free on bail; nothing in Hazley's complaint suggests that he exclusively relies on a *property* right to access his offender account. His plea all along has been "give me my freedom," not "give me my money"—or, at the very least, "give me my money so I can get my freedom." *See id.* at 1 (claiming "wrongful, prolonged incarceration," not wrongful deprivation of property).

B

Defendants' second objection is that "the Magistrate Judge erred in finding this right is sufficiently clearly established to put Defendants Dooley and Cisar on notice such that they were 'transgressing a constitutional bright line.'" Obj. at 5 (quoting *Davis*, 375 F.3d at 712). In particular, Defendants take issue with the "high level of generality" at which the Report and Recommendation defines the clearly established constitutional right. *Id.* at

7

5 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)); *see id.* at 6 ("[T]he general proposition that it is a violation of the Fourteenth Amendment to prevent a pretrial detainee from exercising a constitutional right to post bail is of little help in determining whether denying Plaintiff's access to funds in his offender account violated his Fourteenth Amendment rights while in the custody of a third party.").

"[T]he right allegedly violated must be defined at the appropriate level of specificity before a court can determine whether it was clearly established." *Craighead v. Lee*, 399 F.3d 954, 962 (8th Cir. 2005). Defendants are correct that "[t]he Supreme Court has warned that [courts] must not 'define clearly established law at a high level of generality.'" *Rokusek v. Jansen*, 899 F.3d 544, 547–48 (8th Cir. 2018) (quoting *al-Kidd*, 563 U.S. at 741–42). But the Supreme Court has also explained that "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has not previously been held unlawful." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (citation, internal quotation marks, and alteration omitted); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers." (citation and internal quotation marks omitted)). "Indeed, 'officials can still be on notice that their conduct violates established law even in novel factual circumstances.'" *White v. Smith*, 696 F.3d 740, 758 (8th Cir. 2012) (quoting *Hope*, 536 U.S. at 741). Magistrate Judge Wright defined the constitutional right at the appropriate level of specificity when she framed the right as not just a general "liberty interest in being free

from wrongful, prolonged incarceration," *Davis*, 375 F.3d at 712, but more specifically as "Hazley's liberty interest in being free from detention after his bail was set," R&R at 17.

Moreover, Fourteenth Amendment cases like this one are "not . . . like many Fourth Amendment cases, where the specificity of the rule is especially important because officers will often find it difficult to know how the Constitution applies in the precise situation encountered." *Dean v. Searcey*, 893 F.3d 504, 519 (8th Cir. 2019) (citation and internal quotation marks omitted), *cert. denied*, 2019 WL 1005858 (Mar. 4, 2019); *see also District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) ("We have stressed that the specificity of the rule is especially important in the Fourth Amendment context." (citation and internal quotation marks omitted)). Fourteenth Amendment due-process rights are generally less context-dependent than, say, Fourth Amendment claims for excessive force. *Cf. Hanson v. Best*, 915 F.3d 543, 548 (8th Cir. 2019) (framing the alleged constitutional right at issue as the "right against the use of prone restraints for a suspect that has been resisting," not the more general right to be free from excessive force); *Brosseau v. Haugen*, 543 U.S. 194, 198, 200 (2004) (finding the "general proposition that use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness" inadequate to determine whether an officer's decision "to shoot a disturbed felon, set on avoiding capture through vehicular flight, when persons in the immediate area are at risk from that flight" violated a clearly-established right (citations and internal quotation marks omitted)). In *Wilson v. Lawrence County*, for example, the Eighth Circuit affirmed the district court's denial of qualified immunity and framed the Fourteenth Amendment liberty interest as "the interest in obtaining fair criminal proceedings before being denied one's liberty," not

9

further drilling down the level of specificity to a defendant's right to be free from a reckless investigation and prosecution. 260 F.3d 946, 956 n.8 (8th Cir. 2001); *see also Winslow v. Smith*, 696 F.3d 716, 738–39 (8th Cir. 2012) (concluding that "[p]ursuant to *Wilson*, a due process right against a reckless investigation" was clearly established, even though *Wilson* did not define the right so precisely or narrowly). As in *Wilson*, "[i]t almost goes without saying," 260 F.3d at 956 n.8, that the liberty interest involved here is the "liberty interest in being free from detention once bail was set," R&R at 20.

C

Once the right has been defined at the appropriate level of specificity, the next inquiry is whether that right was clearly established. Defendants challenge this component of qualified immunity, as well. *See* Obj. at 5–7. "A right is clearly established if its contours are 'sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful.'" *Golden Valley*, 574 F.3d at 499 (quoting *Hope*, 536 U.S. at 739). A prior controlling authority presenting "materially or fundamentally similar facts" need not have explicitly affirmed the existence of a right for the right to be considered clearly established. *Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008) (citation and internal quotation marks omitted). "The relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation omitted). That inquiry presents a legal question for the court to decide. *Kahle v. Leonard*, 477 F.3d 544, 549 (8th Cir. 2007). Accordingly, the Court must

determine here whether Hazley's constitutional right to be free on bail, once a court order set bail and he had the funds available, is "clearly established . . . such that a reasonable officer would have fair warning that his alleged conduct was unlawful." *Golden Valley*, 574 F.3d at 499.

In concluding that Hazley's constitutional right was clearly established, Magistrate Judge Wright properly relied on *Campbell v. Johnson*, 586 F.3d 835 (11th Cir. 2009), *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), and *Steele v. Cicchi*, 855 F.3d 494 (3d Cir. 2017). Defendants argue these cases are distinguishable because the pretrial detainees were in the custody of the sheriff who unlawfully interfered with the constitutional right, whereas Hazley was in custody at Hennepin County Jail and Dooley and Cisar, MCF-Moose Lake officials, "had no authority over the Hennepin County Jail detaining [Hazley]." *See* Obj. at 7. To be sure, Defendants' role in the causal chain was not to open the gates of freedom and release Hazley. But Defendants' role was no less important: to release Hazley's funds, whether to Hennepin County or Hazley or his lawyer, so that he could be released on bail. A reasonable official at MCF-Moose Lake would understand that inhibiting Hazley's access to his funds would prevent him from being released on bail (even if it was Hennepin County that would actually release him).

On a related note, Defendants object to the fact that *Campbell* and *Dodds* are "mere persuasive authority"—*i.e.*, that there is no binding Eighth Circuit case on point. *See* Obj. at 6–7 ("[T]he Tenth and Eleventh Circuits [sic] decisions in *Campbell* and *Dodd* [sic] did not establish a clear precedent sufficient to put Defendants Dooley and Cisar on notice that their alleged conduct was clearly unconstitutional."). But even absent controlling authority

from the Eight Circuit or Supreme Court, a denial of qualified immunity may be based on "a robust consensus of cases of persuasive authority that places the constitutional question beyond debate." *Hanson*, 915 F.3d at 548 (citations and internal quotation marks omitted). Three circuit courts have found a liberty interest in being free from detention once bail has been set, and no circuit court has held to the contrary. This rises to the level of "a robust consensus," as compared to cases in which "not a single judicial opinion," let alone several recent circuit-court decisions, had addressed the constitutional question at issue. *al-Kidd*, 563 U.S. at 741. To the extent that there is not a large volume of authority on point, the obviousness of this right—that when an incarcerated individual has a court order entitling him to release on bail if he can post the requisite funds, he has a liberty interest in being free—perhaps explains the paucity.

D

Defendants do not challenge the remainder of the Report and Recommendation. *See generally* Obj. But even if they had invoked the Court's de novo review, 28 U.S.C. § 636(b)(1), the remaining findings, conclusions, and recommendations were similarly correct and well-reasoned. Magistrate Judge Wright properly dismissed Hazley's reasserted claims against Roy, which contravened Judge Nelson's Order granting in part and denying in part Hazley's motion to amend. *See* R&R at 13–14. So too with Magistrate Judge Wright's conclusions that Hazley adequately alleged deliberate indifference on the

parts of Dooley and Cisar. *See id.* at 20–27. Accordingly, the Report and Recommendation will be accepted in full.[1]

# ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Defendants' Objections to the Report and Recommendation are **OVERRULED** [ECF No. 74];

2. The Report and Recommendation [ECF No. 73] is **ACCEPTED** in full;

3. Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint [ECF No. 50] is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Defendants' motion as it relates to the claims against Defendant Tom Roy is **GRANTED**; and

    b. Defendants' motion as it relates to the claims against Defendants Becky Dooley and Kristi Cisar is **DENIED**.

4. Plaintiff's Motion to Proceed in Response to Defendant's, [sic] Roy's, Cisar's, and Dooley's Motion to Dismiss [ECF No. 58] is **DENIED AS MOOT**; and

---

[1] As for Hazley's false-imprisonment claims against Cisar and Dooley, there is no need to address whether the Court has continuing supplemental jurisdiction over those state-law claims because the Court will deny the motion to dismiss the federal § 1983 claims. *See* R&R at 30 n.7.

5. Plaintiff's Motion to Response [sic] to Defendant's [sic] Letter Dated Sept. 21, 2018 [ECF No. 70] is **DENIED** as Plaintiff's sur-reply is neither authorized by the Local Rules of this District nor by the Court's order.


Dated: March 26, 2019                s/ Eric C. Tostrud
                                     Eric C. Tostrud
                                     United States District Court