UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Glenn Kevin Hazley,　　　　　　　　　　　　　　File No. 16-cv-03935 (ECT/ECW)

　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　**ORDER**

Becky Dooley and Kristi Cisar,

　　　　　Defendants.

---

　　　　Plaintiff Glenn Kevin Hazley ("Hazley") was incarcerated at the Minnesota Correctional Facility in Moose Lake ("MCF-Moose Lake") when the Minnesota Court of Appeals determined that his sentence was unauthorized and remanded his criminal case to the district court for further proceedings. *State v. Hazley*, No. A15-1418, 2016 WL 953051, at *2 (Minn. Ct. App. Mar. 14, 2016). After remand, the district court set bail for Hazley, and he attempted to access funds in his inmate account to post bail and obtain release pending further district-court proceedings. Hazley filed this civil case pro se alleging that three MCF-Moose Lake officials violated 42 U.S.C. § 1983 and committed the state-law tort of false imprisonment by preventing him from accessing his inmate account, thus denying him the opportunity to post bail and obtain his release pending further district-court proceedings. Hazley's claims against two MCF-Moose Lake officials, Becky Dooley and Kristi Cisar, have survived two motions to dismiss. *See* ECF Nos. 47, 83.

　　　　Approximately two weeks after this Court issued an opinion and order on Defendants' most recent motion to dismiss, Hazley filed a "Motion for Judgment."

ECF No. 86. This motion is best interpreted as a motion for summary judgment under Fed. R. Civ. P. 56. *See id.* (stating that "defendants cannot prevail as a matter of law at trial" and "[t]he evidence and facts . . . clearly establish constitutional violations by defendants"). In support of his motion, Hazley filed a two-paragraph memorandum of law. ECF No. 87. This memorandum essentially recites the text of 42 U.S.C. § 1983 and describes the damages Hazley seeks, without much by way of the facts and law showing that Hazley has "clearly established liability on the part of both Becky Dooley and Kristi Cisar." *Id.*

Defendants have since filed a motion seeking an unspecified extension of time to respond to Hazley's motion. ECF No. 89. In their motion for an extension of time, Defendants indicate that they too anticipate filing for summary judgment at an unspecified future date. *See id.*; *see also* Forrest Aff. ¶ 5 [ECF No. 90].

Of relevance to both motions and Defendants' declared intention to seek summary judgment, Magistrate Judge Elizabeth Cowan Wright recently issued two case-management orders. She assigned this case to the Early Settlement Conference Project. ECF No. 94. She also issued a scheduling order that, in relevant part, set the following deadlines: a discovery deadline of October 17, 2019; a dispositive-motion deadline of December 16, 2019; and a trial-ready date of April 17, 2020. ECF No. 95. As part of the Early Settlement Conference Project, Hazley will be referred to the Pro Se Project, which will attempt to locate a lawyer willing to assist him with the to-be-scheduled settlement conference. *See* ECF No. 94.

The Court will deny Hazley's motion for summary judgment without prejudice to his right to re-file for summary judgment at a later date. His terse motion and memorandum of law do not show that he may be entitled to summary judgment. For one thing, Hazley has not "show[n] that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). He cites no facts in his motion papers, much less facts supported by "cit[ations] to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, . . . admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). This is understandable, given that many of the foregoing discovery devices have not yet been employed in this case. Particularly given the recently issued scheduling order, which gives the Parties until October 17, 2019, to complete discovery, it makes better sense to deny Hazley's motion for summary judgment without prejudice. Having denied Hazley's motion, Defendants' motion for an extension of time will be denied as moot.

The Parties are cautioned that any summary-judgment motion filed before the close of discovery assumes the risk that the opposing party will file an affidavit or a declaration under Rule 56(d) establishing that "it cannot present facts essential to justify its opposition," at which point the court may deny the summary-judgment motion; defer ruling on the motion; allow time for additional discovery; or issue any other appropriate order. Fed. R. Civ. P. 56(d)(1)–(3). This rule serves as a reminder that in most cases, as a practical matter, it makes sense to await the completion of discovery before filing for summary judgment. Under the scheduling order, the Parties have until December 16, 2019, to file for summary judgment. At the very least, in light of Magistrate Judge Wright's order that

the case be assigned to the Early Settlement Conference, it will be ordered that neither Hazley nor Defendants shall file for summary judgment prior to the Parties' good-faith participation in a settlement conference.

Based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Judgment [ECF No. 86] is **DENIED** without prejudice to Plaintiff's right to re-file for summary judgment at a later date.

2. Defendants' Motion for Extension of Time of the Deadline to Respond to Summary Judgment [ECF No. 89] is **DENIED** as **MOOT**.

3. Neither Party shall file for summary judgment until after the Parties have participated in good-faith in a settlement conference through the Early Settlement Conference Project.

Dated: April 23, 2019          s/ Eric C. Tostrud
                                                     Eric C. Tostrud
                                                     United States District Court